# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| CLAXTON H. WILLIAMS, JR., | ) |
| Plaintiff, | ) |
| vs. | ) CIVIL NO. 06-772-MJR |
| ROD R. BLAGOJEVICH, et al. | ) |
| Defendants. | ) |

## MEMORANDUM AND ORDER

**REAGAN, District Judge:**

Plaintiff, an inmate in the Stateville Correctional Center, brings this action for deprivations of his constitutional rights pursuant to 42 U.S.C. § 1983. This case is now before the Court for review of the complaint pursuant to 28 U.S.C. § 1915A. Also before the Court is Plaintiff's "Motion to Borrow the Record" (Doc. 12).

### THE COMPLAINT.

Plaintiff asserts that he has injuries which make it extremely difficult (if not impossible) for him to place his hands behind is back with his palms facing outward. While confined in the Stateville Correctional Center ("SCC"), Dr. Partha Ghosh issued instructions directing that Plaintiff be handcuffed in a different manner than the "palms out" position. On or about February 17, 2004, however, Plaintiff was transferred from SCC to Menard Correctional Center (MCC). The transfer occurred approximately six days after Plaintiff had a kidney biopsy. Plaintiff alleges that he showed Defendants Murray and Essray the instructions issued by Dr. Ghosh, but was told that "we don't give a dam [sic] this is Menard not Stateville." Specifically, Plaintiff was informed that he could

not be taken to the shower at Menard unless he complied with the "palms out" procedure.

Plaintiff claims that on March 11, 2004, he saw Defendant Ahmed, a medical doctor at Menard, concerning the "palms out" procedure. Defendant Ahmed told Plaintiff that he would receive no treatment for his injuries, that he did not appear to be in pain, and to leave his office. Defendant Inman later informed Plaintiff that the "palms out" handcuff position was the policy of the Illinois Department of Corrections. On May 26, 2004, Plaintiff filed a grievance against Defendants Murray, Ahmed, and Inman concerning the "palms out" handcuff policy.

Plaintiff asserts that in June 2004, Defendant Murray confronted him about the grievance and verbally harassed him. Plaintiff alleges that this confrontation was in retaliation for Plaintiff having filed the grievance in May. Plaintiff states that he wrote to Defendants Hensley and Inman about this incident. Despite this, Plaintiff contends that Defendant Murray - along with Defendants Robinson and Essary - kept up the harassment with verbal abuse and racial slurs. Plaintiff wrote letters to Defendants Hensley, Inman, and Uchtman concerning these incidents.

Plaintiff states that on or about August 2, 2004, he was taken to see Defendant Ahmed. At first, Defendant Ahmed wrote instructions that Plaintiff be handcuffed with his palms inward and with two sets of handcuffs linked together. It appears, however, that these instructions were later modified (possibly by Defendant Ahmed) to provide only that two sets of handcuffs be used (the "palms inward" provision having been deleted).

Plaintiff alleges that on August 6, 2004, he showed Ahmed's instructions to Defendant Essary. Plaintiff claims that shortly thereafter he was beaten by Defendants Whithoft,[1] Essary,

---

[1] In the complaint, Plaintiff refers to both a Defendant "Whithoft" and a Defendant "Woodholft." It appears that "Whithoft" and "Woodholft" are the same person. For the sake of consistency, the Court will refer to this defendant only as "Whithoft."

2

Robinson, Carter, and Kishier.[2]  Plaintiff claims that this attack was in retaliation for the prior grievances he had filed concerning the handcuff policy.  After the attack, it appears that Plaintiff was taken to Defendant Ahmed.  Plaintiff contends that Ahmed refused to document his injuries and did nothing more than take an EKG.

Plaintiff was then placed in a strip cell for several days.  During this time, Plaintiff was issued a disciplinary report charging him with damaging or misusing property (i.e., destruction of a handcuff key).  Plaintiff alleges that the charge is false and was issued to cover-up the attack on him.  On or about August 12, 2004, Plaintiff appeared before an Adjustment Committee - of which Defendant Hasslmeyer was a member.  Plaintiff was found guilty of the violation and received the following sanctions: 3 months "C" grade; 3 months yard restriction; and 3 months commissary denial.  Plaintiff was also directed to pay $6 for the destroyed key.  Plaintiff asserts that over the next few days he requested medical treatment from Defendants Robinson and John Doe, but these requests went unanswered.  Plaintiff contends that in the months that followed he was served food trays with dirt and spit on them, that he was verbally harassed and manhandled by Defendants Essary, Murray, Robinson, Fritz, and Withoft all in retaliation for filing the May (and other) grievances.

Plaintiff contends that Defendants Blagojevich, Meek, Walker, Hensley, Uchtman, Spiller, Ahmed, Hasselmeyer, and Inman actually knew about the risks to Plaintiff's safety while at Menard, but refused to do anything about them.  Furthermore, Plaintiff claims that Defendants Inman and Uchtman gave Defendants Murray, Withoft, and Essary "carte blanche" to beat and harass inmates -

---

[2] In the complaint, Plaintiff refers to Defendants "Kishier," "Kisher," "Kruski," and "Koronda." It appears that "Kishier," "Kisher," "Kruski," and "Koronda" are the same person. For the sake of consistency, the Court will refer to this defendant only as "Kishier"

3

especially black inmates - and to implement their own policies.

Finally, Plaintiff contends that he contacted Defendant Ranck, identified as an FBI agent, concerning the alleged attacks and harassments. It appears that Defendant Ranck has taken no action on Plaintiff's allegations.

**DISCUSSION.**

After reviewing the complaint, the Court finds it appropriate to rearrange Plaintiff's allegations into five counts, as stated below. The parties and the Court will use these designations in all future pleadings and orders, unless otherwise directed by a judicial officer of this Court. The designation of these counts does not constitute an opinion as to their merit.

> **COUNT 1:** Against Defendants Robinson, Essary, Withoft, Carter, and Kishier, for using excessive force on Plaintiff in violation of the Eighth Amendment.
>
> **COUNT 2:** Against DefendantsRobinson, Essary, Withoft, Carter, Kishier, Fritz, and Murray for retaliating against Plaintiff by beating him or harassing him for filing grievances concerning the "palms out" policy.
>
> **COUNT 3:** Against Defendants Inman, Uchtman, Spiller, Hensley, Walker, Meek, and Blagojevich because they had actual knowledge of the actions committed by the Defendants in Counts 1 and 2, gave those Defendants a free hand, andt failed to take corrective action.
>
> **COUNT 4:** Against Defendant Hasselmeyer for denying him Due Process in violation of the Fourteenth Amendment in connection with the August 2004 disciplinary proceeding.
>
> **COUNT 5**: Against Defendants Ahmed, Robinson, John Doe, Wexford and Elyea for denying Plaintiff adequate medical treatement in violation of the Eighth Amendment

Title 28 U.S.C. § 1915A provides:

(a) **Screening.**– The court shall review, before docketing, if feasible or, in any event, as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity.

(b) **Grounds for Dismissal.**– On review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint–
  (1) is frivolous, malicious, or fails to state a claim on which relief may be granted; or
  (2) seeks monetary relief from a defendant who is immune from such relief.

28 U.S.C. § 1915A. An action or claim is frivolous if "it lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). An action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 127 S. Ct. 1955, 1974 (2007). Upon careful review of the complaint and any supporting exhibits, the Court finds it appropriate to exercise its authority under § 1915A; portions of this action are subject to summary dismissal.

Upon review, Plaintiff may proceed against defendants Blagojevich, Meek, Walker, Hensley, Uchtman, Spller, Withoft, Inman, Robinson, Essary, Carter, Fritz, Kishier, and Murray on Counts 1, 2 and 3 of the complaint. Plaintiff may also proceed against Defendants Ahmed, Robinson, and John Doe[3] on Count 5 of the complaint. Plaintiff's claims against Defendant Hasselmeyer in Count 4 and against Defendants Wexford and Elyea in Count 5 of the complaint should be dismissed. Defedants Grubman, George, Pratt, Ranck, and Murry should also be dismissed from this action.

"The doctrine of respondeat superior does not apply to § 1983 actions; thus to be held individually liable, a defendant must be 'personally responsible for the deprivation of a constitutional right.'" *Sanville v. McCaughtry*, 266 F.3d 724, 740 (7th Cir. 2001), *quoting Chavez*

---

[3]The use of fictitious names is generally frowned upon. *See K.F.P. v. Dane County*, 110 F.3d 516, 519 (7th Cir. 1997). However, where a Plaintiff alleges objectively serious constitutional deprivations, he or she should be allowed "a reasonable opportunity to identify unnamed defendants and amend his complaint." *See Sanders v. Sheahan*, 198 F.3d 626, 629 (7th Cir. 1999).

5

*v. Ill. State Police*, 251 F.3d 612, 651 (7th Cir. 2001). *See also Monell v. Department of Social Services*, 436 U.S. 658 (1978); *Eades v. Thompson*, 823 F.2d 1055, 1063 (7th Cir. 1987); *Wolf-Lillie v. Sonquist*, 699 F.2d 864, 869 (7th Cir. 1983); *Duncan v. Duckworth*, 644 F.2d 653, 655-56 (7th Cir. 1981). In the case at hand, Plaintiff is attempting to hold Defendants Wexford and Elyea liable only because they were in a supervisory relationship with Ahmed and John Doe. There is no indication that Wexford or Elyea knew about or condoned the actions of their subordinates. Furthermore, Plaintiff's complaint contains no fact allegations at all against Defendants Grubman, George, Pratt, and Murry. As such, Plaintiff's claims against these Defendants should be dismissed.

When a plaintiff brings an action under § 1983 for procedural due process violations, he must show that the state deprived him of a constitutionally protected interest in "life, liberty, or property" without due process of law. *Zinermon v. Burch*, 494 U.S. 113, 125 (1990). An inmate has a due process liberty interest only if the conditions of his or her confinement impose "atypical and significant hardship...in relation to the ordinary incidents of prison life." *Sandin v. Conner*, 515 U.S. 472, 484 (1995). The Seventh Circuit Court of Appeals has adopted an extremely stringent interpretation of *Sandin*. In this Circuit, a prisoner in disciplinary segregation at a state prison has a liberty interest in remaining in the general prison population only if the conditions under which he or she is confined are substantially more restrictive than administrative segregation at the most secure prison in that state. *Wagner v. Hanks*, 128 F.3d 1173, 1175 (7th Cir. 1997). If the inmate is housed at the most restrictive prison in the state, he or she must show that disciplinary segregation there is substantially more restrictive than administrative segregation at that prison. *Id.* In the view of the Seventh Circuit Court of Appeals, after *Sandin* "the right to litigate disciplinary confinements has become vanishingly small." *Id.* Indeed, "when the entire sanction is confinement in disciplinary

segregation for a period that does not exceed the remaining term of the prisoner's incarceration, it is difficult to see how after *Sandin* it can be made the basis of a suit complaining about a deprivation of liberty." *Id.*

In the case currently before the Court, Plaintiff received the following disciplinary sanctions: 3 months "C" grade; 3 months yard restriction; 3 months commissary denial; and he was required to pay $6 for a broken handcuff key. Nothing in the complaint or exhibits suggests that these sanctions were substantially more restrictive than administrative segregation in the most secure prison in the State of Illinois. Therefore, Plaintiff's due process claim against Defendant Hasslemeyer is without merit.

Plaintiff's § 1983 claim against Defendant Ranck should also be dismissed. First, Rank is a federal law enforcement officer, not a state law enforcement officer. Consequently, § 1983 provides no basis for relief against Defendant Ranck. Second, because Ranck is an agent with the FBI he had no authority to tell the defendants - all of whom are involved with the state corrections system - how to do their jobs. Furthermore, Plaintiff has no constitutional, statutory, or common law right to require Ranck to investigate or prosecute a potential crime. *See e.g., Sattler v. Johnson,* 857 F.2d 224, 225 (4th Cir. 1988) (member of public and victim of crime had not constitutional right to have alleged defendants criminally prosecuted); *White v. City of Toledo*, 217 F. Supp. 838, 841 (N.D. Ohio); *Walker v. Schmoke*, 962 F. Supp. 732, 733 (D.Md. 1997).

**DISPOSITION**

**IT IS HEREBY ORDERED** that the Clerk of Court add **WEXFORD** as a defendant in this action.

**IT IS FURTHER ORDERED** that **COUNT 4** of the complaint is **DISMISSED** from this

7

action with prejudice.

**IT IS FURTHER ORDERED** that Defendants **ELYEA, GRUBMAN, GEORGE, PRATT, RANCK, HASSELMEYER, MURRY,** and **WEXFORD** are **DISMISSED** from this action with prejudice, as there are no claims pending against them.

**IT IS FURTHER ORDERED** that Plaintiff's "Motion to Borrow the Record" (Doc. 12) is **GRANTED**, but only as to the complaint in this action. The Clerk of Court is **DIRECTED** to send a copy of the complaint to the Plaintiff.

The Clerk is **DIRECTED** to prepare Form 1A (Notice of Lawsuit and Request for Waiver of Service of Summons) and Form 1B (Waiver of Service of Summons) for Defendants **BLAGOJEVICH, MEEK, WALKER, HENSLEY, UCHTMAN, SPILLER, AHMED, JOHN DOE, WITHOFT, INMAN ROBINSON, ESSARY, CARTER, FRITZ, KISHIER,** and **MURRAY**. The Clerk shall forward those forms, USM-285 forms submitted by Plaintiff, and sufficient copies of the complaint to the United States Marshal for service.

The United States Marshal is **DIRECTED**, pursuant to Rule 4(c)(2) of the Federal Rules of Civil Procedure, to serve process on Defendants **BLAGOJEVICH, MEEK, WALKER, HENSLEY, UCHTMAN, SPILLER, AHMED, JOHN DOE, WITHOFT, INMAN ROBINSON, ESSARY, CARTER, FRITZ, KISHIER,** and **MURRAY** in the manner specified by Rule 4(d)(2) of the Federal Rules of Civil Procedure. Process in this case shall consist of the complaint, applicable forms 1A and 1B, and this Memorandum and Order. For purposes of computing the passage of time under Rule 4(d)(2), the Court and all parties will compute time as of the date it is mailed by the Marshal, as noted on the USM-285 form.

With respect to former employees of Illinois Department of Corrections who no longer can be found at the work address provided by Plaintiff, the Department of Corrections shall furnish the Marshal with the Defendant's last-known address upon issuance of a court order which states that the information shall be used only for purposes of effectuating service (or for proof of service, should a dispute arise) and any documentation of the address shall be retained only by the Marshal. Address information obtained from I.D.O.C. pursuant to this order shall not be maintained in the court file, nor disclosed by the Marshal.

The United States Marshal shall file returned waivers of service as well as any requests for waivers of service that are returned as undelivered as soon as they are received. If a waiver of service is not returned by a defendant within **THIRTY (30) DAYS** from the date of mailing the request for waiver, the United States Marshal shall:

- Request that the Clerk prepare a summons for that defendant who has not yet returned a waiver of service; the Clerk shall then prepare such summons as requested.

- Personally serve process and a copy of this Order upon the defendant pursuant to Rule 4 of the Federal Rules of Civil Procedure and 28 U.S.C. § 566(c).

- Within ten days after personal service is effected, the United States Marshal shall file the return of service for the defendant, along with evidence of any attempts to secure a waiver of service of process and of the costs subsequently incurred in effecting service on said defendant. Said costs shall be enumerated on the USM-285 form and shall include the costs incurred by the Marshal's office for photocopying additional copies of the summons and complaint and for preparing new USM-285 forms, if required. Costs of service will be taxed against the personally served defendant in accordance with the provisions of Federal Rule of Civil Procedure 4(d)(2) unless the defendant shows good cause for such failure.

Plaintiff is **ORDERED** to serve upon defendant or, if appearance has been entered by counsel, upon that attorney, a copy of every further pleading or other document submitted for consideration by this Court. He shall include with the original paper to be filed with the Clerk of

the Court a certificate stating the date that a true and correct copy of any document was mailed to defendant or his counsel. Any paper received by a district judge or magistrate judge which has not been filed with the Clerk or which fails to include a certificate of service will be disregarded by the Court.

The Defendants who have not been dismissed from this action (above) are **ORDERED** to timely file an appropriate responsive pleading to the complaint, and shall not waive filing a reply pursuant to 42 U.S.C. § 1997e(g).

Pursuant to Local Rule 72.1(a)(2), this cause is **REFERRED** to a United States Magistrate Judge for further pre-trial proceedings.

Further, this entire matter is hereby **REFERRED** to a United States Magistrate Judge for disposition, as contemplated by Local Rule 72.2(b)(2) and 28 U.S.C. § 636(c), *should all the parties consent to such a referral.*

Plaintiff is under a continuing obligation to keep the Clerk and each opposing party informed of any change in his whereabouts. This shall be done in writing and not later than seven (7) days after a transfer or other change in address occurs.

**IT IS SO ORDERED.**

**DATED this 14th day of February, 2008.**

                                                **s/ Michael J. Reagan**
                                                **MICHAEL J. REAGAN**
                                                **United States District Judge**