# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| CLAXTON H. WILLIAMS, JR., | ) |
| Plaintiff, | ) |
| vs. | ) CIVIL NO. 06-772-MJR-CJP |
| ROD R. BLAGOJEVICH, *et al.*, | ) |
| Defendants. | ) |

## NUNC PRO TUNC ORDER

**REAGAN, District Judge:**

On February 14, 2008, this Court issued an Order (Doc. 13) referring this matter to a United States Magistrate Judge. The Court issued its Order (Doc. 13) under the belief that Plaintiff had submitted the appropriate USM-285 forms along with his complaint. A review of the file, however, indicates that no USM-285 forms were previously submitted to the Court for this case. Therefore, the Court's Order (Doc.13) needs to be amended to provide that Plaintiff submit the appropriate USM-285 forms. Additionally, the Court's prior Order (Doc. 13) needs to be altered to clarify that the Unknown "John Doe" defendant will not be served until such time as Plaintiff has identified him by name on a USM-285 form and in a properly filed amended complaint. Accordingly, the section entitled "Disposition" in the Court's prior Order (Doc. 13) is **STRICKEN** in its entirety and, in lieu thereof, the following "Dispostion" section is added, nunc pro tunc:

**IT IS HEREBY ORDERED** that the Clerk of Court add **WEXFORD** as a defendant in this action.

**IT IS FURTHER ORDERED** that **COUNT 4** of the complaint is **DISMISSED** from

this action with prejudice.

**IT IS FURTHER ORDERED** that Defendants **ELYEA, GRUBMAN, GEORGE, PRATT, RANCK, HASSELMEYER, MURRY,** and **WEXFORD** are **DISMISSED** from this action with prejudice, as there are no claims pending against them.

**IT IS FURTHER ORDERED** that Plaintiff's "Motion to Borrow the Record" (Doc. 12) is **GRANTED**, but only as to the complaint in this action. The Clerk of Court is **DIRECTED** to send a copy of the complaint to the Plaintiff.

**IT IS FURTHER ORDERED** that Plaintiff shall complete and submit a USM-285 form for defendants **BLAGOJEVICH, MEEK, WALKER, HENSLEY, UCHTMAN, SPILLER, AHMED, WITHOFT, INMAN ROBINSON, ESSARY, CARTER, FRITZ, KISHIER,** and **MURRAY** within **THIRTY (30) DAYS** of the date of entry of this Memorandum and Order. The Clerk is **DIRECTED** to send Plaintiff **15** USM-285 forms with Plaintiff's copy of this Memorandum and Order. **Plaintiff is advised that service will not be made on a defendant until Plaintiff submits a properly completed USM-285 form for that defendant.**

The Clerk is **DIRECTED** to prepare Form 1A (Notice of Lawsuit and Request for Waiver of Service of Summons) and Form 1B (Waiver of Service of Summons) for Defendants **BLAGOJEVICH, MEEK, WALKER, HENSLEY, UCHTMAN, SPILLER, AHMED, WITHOFT, INMAN ROBINSON, ESSARY, CARTER, FRITZ, KISHIER,** and **MURRAY**. The Clerk shall forward those forms, USM-285 forms submitted by Plaintiff, and sufficient copies of the complaint to the United States Marshal for service.

The United States Marshal is **DIRECTED**, pursuant to Rule 4(c)(2) of the Federal Rules of Civil Procedure, to serve process on Defendants **BLAGOJEVICH, MEEK, WALKER,**

**HENSLEY, UCHTMAN, SPILLER, AHMED, WITHOFT, INMAN ROBINSON, ESSARY, CARTER, FRITZ, KISHIER,** and **MURRAY** in the manner specified by Rule 4(d)(2) of the Federal Rules of Civil Procedure. Process in this case shall consist of the complaint, applicable forms 1A and 1B, and this Memorandum and Order. For purposes of computing the passage of time under Rule 4(d)(2), the Court and all parties will compute time as of the date it is mailed by the Marshal, as noted on the USM-285 form. *Service shall not be made on the Unknown "John Doe" defendant* until such time as Plaintiff has identified him by name on a USM-285 form and in a properly filed amended complaint. Plaintiff is **ADVISED** that it is Plaintiff's responsibility to provide the Court with the names and service address for this individual.

With respect to former employees of Illinois Department of Corrections who no longer can be found at the work address provided by Plaintiff, the Department of Corrections shall furnish the Marshal with the Defendant's last-known address upon issuance of a court order which states that the information shall be used only for purposes of effectuating service (or for proof of service, should a dispute arise) and any documentation of the address shall be retained only by the Marshal. Address information obtained from I.D.O.C. pursuant to this order shall not be maintained in the court file, nor disclosed by the Marshal.

The United States Marshal shall file returned waivers of service as well as any requests for waivers of service that are returned as undelivered as soon as they are received. If a waiver of service is not returned by a defendant within **THIRTY (30) DAYS** from the date of mailing the request for waiver, the United States Marshal shall:

- Request that the Clerk prepare a summons for that defendant who has not yet returned a waiver of service; the Clerk shall then prepare such summons as

3

requested.

- Personally serve process and a copy of this Order upon the defendant pursuant to Rule 4 of the Federal Rules of Civil Procedure and 28 U.S.C. § 566(c).

- Within ten days after personal service is effected, the United States Marshal shall file the return of service for the defendant, along with evidence of any attempts to secure a waiver of service of process and of the costs subsequently incurred in effecting service on said defendant. Said costs shall be enumerated on the USM-285 form and shall include the costs incurred by the Marshal's office for photocopying additional copies of the summons and complaint and for preparing new USM-285 forms, if required. Costs of service will be taxed against the personally served defendant in accordance with the provisions of Federal Rule of Civil Procedure 4(d)(2) unless the defendant shows good cause for such failure.

Plaintiff is **ORDERED** to serve upon defendant or, if appearance has been entered by counsel, upon that attorney, a copy of every further pleading or other document submitted for consideration by this Court. He shall include with the original paper to be filed with the Clerk of the Court a certificate stating the date that a true and correct copy of any document was mailed to defendant or his counsel. Any paper received by a district judge or magistrate judge which has not been filed with the Clerk or which fails to include a certificate of service will be disregarded by the Court.

The Defendants who have not been dismissed from this action (above) are **ORDERED** to timely file an appropriate responsive pleading to the complaint, and shall not waive filing a reply pursuant to 42 U.S.C. § 1997e(g).

Pursuant to Local Rule 72.1(a)(2), this cause is **REFERRED** to a United States Magistrate Judge for further pre-trial proceedings.

Further, this entire matter is hereby **REFERRED** to a United States Magistrate Judge for disposition, as contemplated by Local Rule 72.2(b)(2) and 28 U.S.C. § 636(c), *should all the parties consent to such a referral.*

4

Plaintiff is under a continuing obligation to keep the Clerk and each opposing party informed of any change in his whereabouts.  This shall be done in writing and not later than seven (7) days after a transfer or other change in address occurs.

**IT IS SO ORDERED.**

**DATED this 28th day of February, 2008.**

<span style="text-align:right;">**s/ Michael J. Reagan**
**MICHAEL J. REAGAN**
**United States District Judge**</span>