# IN THE UNITED STATES DISTRICT COURT

# FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| **CLAXTON H. WILLIAMS, JR.,** | ) |
| | ) |
| **Plaintiff,** | ) |
| | ) |
| vs. | ) CIVIL NO. 06-cv-772-MJR-CDP |
| | ) |
| **ROD R. BLAGOJEVICH,** *et al.*, | ) |
| | ) |
| **Defendants.** | ) |

## **MEMORANDUM AND ORDER**

**REAGAN, District Judge:**

This action is before the Court to rule on Plaintiff's motion to reconsider (Doc. 39). Technically, a "Motion to Reconsider" does not exist under the Federal Rules of Civil Procedure. The Seventh Circuit has held, however, that a motion challenging the merits of a district court order will automatically be considered as having been filed pursuant to Rule 59(e) or Rule 60(b) of the Federal Rules of Civil Procedure. *See, e.g., Mares v. Busby*, 34 F.3d 533, 535 (7th Cir. 1994); *United States v. Deutsch,* 981 F.2d 299, 300 (7th Cir. 1992). If a motion challenging a judgment on the merits is served after ten days of the rendition of judgment, the motion falls under Rule 60(b).'" *Id.* (citations omitted).

The Order in question was entered in this action on February 14, 2008, but on February 28, 2008, this Court entered an order, *nunc pro tunc*, addressing the service of process in this case. The instant motion was not filed until May 2, 2008, well after the 10-day period expired whether calculated from February 14 or February 28. *See* FED.R.CIV.P. 59(e). Therefore, as a Rule 59(e) motion, the motion is time-barred.

Under *Deutsch*, the Court will thus construe the motion as filed pursuant to Rule 60(b) of the Federal Rules of Civil Procedure. Rule 60(b) provides for relief from judgment for "mistake, inadvertence, surprise, or excusable neglect." FED.R.CIV.P. 60(b)(1). However, the reasons offered by a movant for setting aside a judgment under Rule 60(b) must be something that could not have been employed to obtain a reversal by direct appeal. *See, e.g., Bell v. Eastman Kodak Co.*, 214 F.3d 798, 801 (7th Cir. 2000); *Parke-Chapley Constr. Co. v. Cherrington*, 865 F.2d 907, 915 (7th Cir. 1989) ("an appeal or motion for new trial, rather than a FRCP 60(b) motion, is the proper avenue to redress mistakes of law committed by the trial judge, as distinguished from clerical mistakes caused by inadvertence"); *Swam v. United States*, 327 F.2d 431, 433 (7th Cir.), *cert. denied*, 379 U.S. 852 (1964) (a belief that the Court was mistaken as a matter of law in dismissing the original petition does "not constitute the kind of mistake or inadvertence that comes within the ambit of rule 60(b).").

In the case at hand, Plaintiff seeks to have his claims against Defendants Wexford, Elyea, Grubman, George, Pratt, and Hasselmeyer reinstated. The claims against these Defendants were dismissed after the Court conducted a threshold review of Plaintiff's 168-page, original pro se complaint pursuant to 28 U.S.C. §§ 1915(e)(2)(B) and 1915A. Defendants Wexford and Elyea were dismissed because the doctrine of *respondeat superior* does not apply to actions brought under 42 U.S.C. § 1983. *Sanville v. McCaughtry,* 266 F.3d 724, 740 (7th Cir. 2001). Defendants Grubman, George, and Pratt were dismissed because the original complaint failed to set forth any allegations against them. *Id*. Defendant Hasslemeyer was dismissed after a review of the complaint indicated that Plaintiff had not suffered the loss of a protected liberty interest. *Wagner v. Hanks*, 128 F.3d 1173, 1175 (7th Cir. 1997). Plaintiff does not identify any mistake, inadvertence, surprise, or excusable neglect which would justify this Court to alter its prior order dismissing these Defendants.

Instead, it appears that Plaintiff is attempting to correct some of these matters identified by the Court in its prior order by adding allegations to his original complaint. However, the proper method to change or add allegations to a complaint is by means of an amended complaint. Complaints must be amended in accordance with Rule 15 of the Federal Rules of Civil Procedure and Local Rule 15.1. Specifically, Local Rule 15.1 provides:

> The original of a proposed amendment to a pleading or amended pleading itself should accompany the motion to amend so that it may be filed *instanter* if the motion is granted. All new material shall be underlined. It is sufficient to simply underline the names of new parties the first place they appear in amended pleadings. Similarly, when new claims or defenses are raised by amendment, it is sufficient that the number of the designated count or paragraphs identifying the amendments be underlined.

Local Rule 15.1. The instant motion to reconsider does not comply with Local Rule 15.1. Therefore, the Court will not treat the instant motion as a proper motion to amend the complaint in this case.

Accordingly, it is hereby ordered that Plaintiff's motion to reconsider (Doc. 39) is **DENIED**.

**IT IS SO ORDERED.**

**DATED this 29th day of May, 2008.**

    **s/ Michael J. Reagan**
    **MICHAEL J. REAGAN**
    **United States District Judge**