IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| CLAXTON H. WILLIAMS, JR. ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 06-772-MJR-CJP |
| ) | |
| ROD R. BLAGOJEVICH, et al., ) | |
| ) | |
| Defendants. ) | |

**ORDER**

Before the Court is plaintiff's motion for a "temporary restraining order/preliminary injunction." **(Doc. 93).** Plaintiff seeks: (1) the return of various legal papers, including the defendants' pending motion for summary judgment and some draft documents; (2) the return of approximately 20 "legal books;" (3) an end to alleged retaliation for filing the subject action; (4) an end to the denial of medical treatment, ordering plaintiff to be seen by a neurologist in relation to injuries that are the subject of this action; and (5) a court-ordered EMG and nerve conduction study. Plaintiff specifies that he is seeking injunctive relief as to the defendants, specifically defendant Spiller, as well as their agents within the Illinois Department of Corrections.

As a preliminary matter, a review of plaintiff's motion reveals that, despite its caption, it does not actually seek injunctive relief in the usual sense, or in a manner that is

within the Court's jurisdiction.[1] However, as explained below, breaking the motion down into its component parts, there is some relief available to plaintiff.

Insofar as plaintiff alleges retaliation and complains about recently being housed in a two-man cell and fearing assault, those "new' issues cannot be addressed in the present action, even if plaintiff is correct about them being retaliatory in nature. The injunctive relief sought is not within this Court's jurisdiction, which is limited to the incidents raised in the complaint involving named parties. Plaintiff must exhaust available administrative remedies and initiate a separate lawsuit regarding any alleged retaliation. **See 42 U.S.C. § 1997e(a);** *George v. Smith*, 507 F.3d 605 (7th Cir. 2007).

---

[1] A temporary restraining order ("TRO") is an order which may be issued without notice to the party to be enjoined, and which can last no more than ten days. A TRO may issue without notice only if:
> (1) it clearly appears from the specific facts shown by affidavit or by the verified complaint that immediate and irreparable injury, loss, or damage will result to the applicant before the adverse party or that party's attorney can be heard in opposition, and (2) the applicant's attorney certifies to the court in writing the efforts, if any, which have been made to give the notice and the reasons supporting the claim that notice should not be required.

**Fed. P. Civ. P. 65(b)**.
Insofar as petitioner also seeks a preliminary injunction–
> The purpose of a preliminary injunction is to minimize the hardship to the parties pending resolution of their lawsuit. In assessing whether a preliminary injunction is warranted, the party seeking the injunction must demonstrate that: 1) it has a reasonable likelihood of success on the merits of the underlying claim; 2) no adequate remedy at law exists; and 3) it will suffer irreparable harm if the preliminary injunction is denied. If the court is satisfied that these three conditions have been met, it then must consider whether the irreparable harm the applicant will suffer without injunctive relief is greater than the harm the opposing party will suffer if the preliminary injunction is granted. In addition, the court must determine whether the preliminary injunction will harm the public interest.

*Anderson v. U.S.F. Logistics (IMC), Inc.,* 274 F.3d 470, 474-475 (7th Cir. 2001) **(internal citations omitted).**

According to plaintiff, at the direction of defendant Spiller, "Guard Roy" (who is not a defendant in this action) has deprived plaintiff to approximately 20 "legal books." Although Assistant Warden Spiller is a defendant in this action, the alleged retaliatory acts must be raised in a separate legal action.

Plaintiff's requests for medical treatment, an EMG and a nerve conduction study are directly related to the above-captioned action. However, as plaintiff explains, he is requesting testing and to be seen by a neurologist in an effort to gather evidence needed for this case. The defendants and third parties are not required to provide free services to facilitate litigation, and the Court lacks authority for such cost shifting. ***See Ivey v. Harney* 47 F.3d 181, 185 (7th Cir. 1995).** Furthermore, the discovery phase of this case has closed.

Plaintiff's motion and a review of the record reveal that plaintiff had been granted an extension of time to respond to the motion for summary judgment filed by defendants Withoft, Inman, Carter, Fritz, Murray, Blagojevich, Meek, Walker, Hensley Uchtman and Spiller **(Doc. 82)**. However, plaintiff was transferred, then injured, and along the way he parted company with his copy of the motion for summary judgment. Although the Court previously indicated that no more extensions of time would be granted, a brief extension of time will be granted to permit plaintiff to respond to the defendants' motion for summary judgment. In addition, the Court will provide plaintiff with a copy of the motion, memorandum and notice **(Docs. 82-84).**

**IT IS HEREBY ORDERED** that the subject motion **(Doc. 93)** is **GRANTED IN PART AND DENIED IN PART** as detailed above.

**IT IS FURTHER ORDERED** that the Clerk of Court shall forward copies of Docs. 82-84 to plaintiff, along with a copy of this order.

**IT IS FURTHER ORDERED** that on or before **November 15, 2009**, plaintiff shall file his response to the motion for summary judgment filed by defendants Withoft, Inman, Carter, Fritz, Murray, Blagojevich, Meek, Walker, Hensley Uchtman and Spiller **(Doc. 82)**. **No further extensions will be granted.**

**IT IS SO ORDERED.**

**DATED: October 27, 2009**

          **s/ Clifford J. Proud**
          **CLIFFORD J. PROUD**
          **U. S. MAGISTRATE JUDGE**