IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| **CLAXTON H. WILLIAMS, JR.** | ) |
| | ) |
|    **Plaintiff,** | ) |
| | ) |
| v. | )   **Case No. 06-772-MJR** |
| | ) |
| **ROD R. BLAGOJEVICH,** | ) |
| **RONALD MEEK, ROGER E. WALKER,** | ) |
| **CHARLES HENSLEY,** | ) |
| **ALAN UCHTMAN, WILLIAM SPILLER,** | ) |
| **M.D FAISAL AHMED, J. WITHOFT,** | ) |
| **J. INMAN, ROBINSON, SGT. CARTER,** | ) |
| **C/O FRITZ, and C/O MURRAY,** | ) |
| | ) |
|    **Defendants.** | ) |

**MEMORANDUM AND ORDER**

**REAGAN, District Judge:**

Before the Court are three interrelated motions for "emergency evidentiary hearing" and injunctive relief filed by Plaintiff Claxton H. Williams, Jr. (Docs. 101, 107 and 109).

Williams's first motion asserts that agents of William Spiller (Assistant Warden) have: (1) cancelled Williams's sick call passes; (2) double-celled Williams, despite the fact that he has been in a single cell for 16 years; and (3) denied Williams access to a psychiatrist and/or psychologist. Williams also takes issue with his being transferred back and forth between Stateville Correctional Center and Menard Correctional Center, where his enemies are housed, when he would prefer to be housed at either Tamms Correctional Center or Pontiac Correctional Center. Williams contends the aforementioned acts are in addition to the claims at issue in this case, and in retaliation for Williams filing the instant civil rights action. (Doc. 101). In response, Dr. Ahmed, who no longer works at Menard Correctional Center where Williams is housed, opines that Williams is

1

merely trying to evade the statutory requirement that he exhaust administrative remedies before seeking relief from the Court. (Doc. 103). Defendants Rod R. Blagojevich, Ronald Meek, Roger E. Walker, Charles Hinsley, Alan Uchtman, William Spiller, Jerry Witthoft, John Inman, Ronald Robinson, John Carter, Joshua Fritz and Kevin Murray submit that Williams has three declared enemies; two are no longer in IDOC custody, and the third is not housed at Menard. Defendants argue that immediate intervention pursuant to 28 U.S.C. § 1915(g), in order to prevent imminent danger of serious injury, is not warranted.[1] (Doc. 104).

Williams's second motion is in the form of an affidavit. (Doc. 107). Williams contends there is an "ongoing, imminent, life-threatening nexus" between this action and his being "tortured" by Spiller's agents. According to Williams: (1) he has been moved to five different cells in as many months and celled with his enemies; (2) he was beaten by guards for refusing to enter a cell with an inmate with whose associates Williams had been feuding; (3) his property, legal documents, hygiene supplies, bedding, and blood pressure and prostate medications have been confiscated; (4) Correctional Officer Purnam has slandered Williams, saying aloud that Williams raped his own son (which Williams denies), in an effort to get Williams killed by other inmates; and (5) his current cell is small, has a solid steel door, poor ventilation and is filthy. Williams contends that the prison grievance system is unavailable, in that his pleas for help and grievances go unanswered. Similarly, Williams perceives that the Court is retaliating against him by denying him relief. Williams argues that there is no reason for the Court not to intervene, because "justice delayed is justice denied." Defendants reiterate their previous response. (Doc. 108).

---

[1] The Court notes that Ahmed, Inman, Uchtman, Spiller, Hinsley, Walker, Meek and Blagojevich were dismissed as Defendants in this action after their responses to the instant motion were filed.

Williams's third motion specifically requests a temporary restraining order and preliminary injunction. (Doc. 109). Williams contends that he is suffering irreparable harm and that he has no other remedy for the retaliatory acts of Spiller and his associates. Williams also alleges that Inman has seized his "legal property" as an act of retaliation for filing the above-captioned action.

## Analysis

Federal Rule of Civil Procedure 65 provides specific procedures for the issuance of a temporary restraining order ("TRO") and/or preliminary injunction. A TRO can be issued without notice and, by definition, is temporary in nature. **FED.R.CIV.P. 65(b)**. If a TRO is issued without notice, the matter must be set for a hearing on motion for a preliminary injunction, and the adverse party must be given notice. **FED.R.CIV.P. 65(a)**. The burden is upon the plaintiff to show that he is entitled to a TRO or a preliminary injunction. *See Boucher v. School Board of the School District of Greenfield,* **134 F.3d 821, 823 (7th Cir. 1998)**.

In order for a TRO to issue, a plaintiff must also show (1) that he is reasonably likely to succeed on the merits of the underlying case; (2) that no adequate remedy at law exists; (3) that he will suffer irreparable harm which, absent injunctive relief, outweighs the irreparable harm the respondent will suffer if the injunction is granted; and (4) that the injunction will not harm the public interest. *Joelner v. Village of Washington Park, Illinois,* **378 F.3d 613, 619 (7th Cir. 2004);** *see also Incredible Technologies, Inc. v. Virtual Technologies, Inc.,* **400 F.3d 1007, 1011 (7th Cir. 2005)**.

When considering a motion for a preliminary injunction, the Court can consolidate the matter with the trial on the underlying complaint. *See* **FED.R.CIV.P. 65(a)(1)**. Any resulting

3

order must be specific and "is binding only upon the parties to the action, their officers, agents, servants, employees, and attorneys, and upon those persons in active concert or participation with them who receive actual notice of the order by personal service or otherwise." **FED.R.CIV.P. 65(d)**.

In this instance, Williams's three requests for a TRO have effectively been converted into a motion for a preliminary injunction, in that Defendants are on notice of the requests and have been given an opportunity to respond. *See Doe v. Village of Crestwood, Illinois,* **917 F.2d 1476, 1477 (7th Cir. 1990)**.

Williams has failed to meet his burden of showing that he is entitled to a preliminary injunction. Williams will surely disagree, but from the Court's perspective, based on the pleadings and evidence in the record at this juncture, Williams has not shown that he is reasonably likely to succeed on the merits of his case, and his claims relating to other alleged incidents of retaliation are extremely weak. Although the Court's inquiry may end at this point, further analysis is offered out of an abundance of caution. *See AM General Corp. v. DaimlerChrysler Corp.*, **311 F.3d 796, 803-804 (7th Cir. 2002)**.

Williams has not shown that he does not have an adequate remedy at law. He contends that letters and grievances to prison officials go unanswered, but that is not the extent of his legal remedies. Once Williams has exhausted administrative remedies, or his remedies are rendered "unavailable," he may file suit in federal court. **42 U.S.C. § 1997e(a)**. Monetary damages have been deemed a normal and adequate remedy, even for constitutional torts. *See Sampson v. Murray*, **415 U.S. 61, 89-92 (1974)**; *Campbell v. Miller*, **373 F.3d 834, 835 (7th Cir. 2004)**; *Second City Music, Inc. v. Chicago*, **333 F.3d 846 (7th Cir. 2003)**; *Webb v. Ball State University*, **167 F.3d 1146 (7th Cir. 1999)**.

Although allegations of assault and the deprivation of medication and medical care are of particular concern to the Court, Williams has failed to show he will suffer irreparable harm. Moreover, Williams has not alleged a single specific instance where he believes that Spiller's conduct violated his rights. The only nexus between Spiller and the alleged perpetrators of the retaliation is that Spiller is Assistant Warden and presumably their supervisor. The *respondeat superior* doctrine alone does not sufficiently link the perpetrators to this case. Insofar as Williams alleges that Inman personally deprived him of "legal property," Williams has not demonstrated how he has been irreparably harmed. The Court notes that, in relation to a recently filed motion to have Defendants pay to have his legal documents copied, Williams contends the loss of his legal papers has left him unable to litigate the subject case, case "06-C-7067" and his clemency petition. (Doc. 110, p. 2). However, Williams does not explain or demonstrate how he has been harmed.

Williams appears to be attempting to achieve remedies for issues beyond the scope of the present action. This lawsuit is limited to the allegations in the complaint against the individuals named in the complaint that still remain in this lawsuit. Williams's allegations concern matters that have arisen after the filing of the complaint and should be handled in a separate lawsuit, rather than the instant case.

For the foregoing reasons, the Court **DENIES** Williams's motions for emergency hearing and injunctive relief (Docs. 101, 107 and 109).

**IT IS SO ORDERED.**

**DATED this 5th day of February, 2010.**

                                                **s/Michael J. Reagan**
                                                **MICHAEL J. REAGAN**
                                                **United States District Judge**