# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| **CLAXTON H. WILLIAMS, JR.,** | ) |
| | ) |
| **Plaintiff,** | ) |
| | ) |
| vs. | ) Case No. 06–cv–772–SCW |
| | ) |
| **ROD R. BLAGOJEVICH, et al.,** | ) |
| | ) |
| **Defendants.** | ) |

# **MEMORANDUM AND ORDER**

**WILLIAMS, Magistrate Judge:**

Before the Court is a motion *in limine* filed by Defendants Kevin Murray, Joshua Fritz, Ronald Robinson, Jerry Witthoft, and John Carter. Specifically, Defendants have filed a Motion *in Limine* on Convictions and Arrest (Doc. 172) seeking to bar evidence related to one of the Defendant's past misdemeanor charges.

In Defendants' first motion *in limine*, Defendants seek to bar evidence regarding one of the Defendants' criminal background. During discovery, evidence was produced showing that one Defendant had prior convictions for driving under the influence and aggravated assault, as well as a prior arrest for discharging a firearm on his property. Defendants argue that evidence of the convictions is not admissible under **FEDERAL RULE OF EVIDENCE 609(a)(1)** and evidence of the arrest is also inadmissible. The Plaintiff has not filed a Response to the motion, thus the Court deems that silence an admission of the merits of the motion. *See* **SOUTHERN DISTRICT OF ILLINOIS - LOCAL RULE 7.1(c).**

Under **FEDERAL RULE OF EVIDENCE 609**, evidence of prior convictions is admissible for the purpose of attacking the character for truthfulness of a witness "if the crime was punishable by death or imprisonment in excess of one year" and the probative value outweighs its prejudicial effect,

or if the elements of the crime "required proof or admission of an act of dishonesty or false statement by the witness." In this case, the defendant was charged with two misdemeanors and neither crime involved an act of dishonesty or false statement. Thus, the Court finds that evidence related to the defendant's prior convictions is inadmissible. As to the arrest, the charges were dropped and thus it is not a conviction, nor does the Court see how evidence of the arrest is relevant to Plaintiff's unrelated claims. Further, the evidence of the prior arrest would be inadmissible under **FED.R.EVID. 404(b)** which prohibits the admission of evidence of other crimes or wrongs to prove the character of the person in order to show that he acted in conformity with that character. Thus, the Court **GRANTS** Defendants' motion *in limine* to bar Defendants' prior convictions and arrests (Doc. 172).

**IT IS SO ORDERED**.

DATED: March 9, 2011

/s/*Stephen C. Williams*
STEPHEN C. WILLIAMS
United States Magistrate Judge