# IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| **CLAXTON H. WILLIAMS, JR.,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **vs.** | ) | Case No.   06–cv–772–SCW |
| | ) | |
| **ROD R. BLAGOJEVICH, et al.,** | ) | |
| | ) | |
| **Defendants.** | ) | |

# MEMORANDUM AND ORDER

**WILLIAMS, Magistrate Judge:**

Before the Court are two motions *in limine* filed by Plaintiff Claxton H. Williams, Jr. Plaintiff has filed a Motion *in Limine* Regarding his Visual Appearance at Trial (Doc. 170), requesting that the Court allow him to wear civilian clothes at trial, allow him to appear without shackles and restraints in front of the jury, and requesting any U.S. Marshal or other security official accompanying Williams to wear civilian clothes and to not surround Plaintiff in the presence of the jury. Plaintiff has also filed a Motion in Limine (Doc. 171) seeking to exclude testimony or evidence related to Plaintiff's arrest, convictions, sentence and his disciplinary record and also limiting testimony and evidence of witness Larry Alverson, Jr's arrest record, convictions, and criminal sentences. Defendants have filed Responses to both motions (Docs. 177 & 178).

## A.    Motion *in Limine* Regarding Plaintiff's Visual Appearance

Plaintiff has first filed a Motion Regarding His Visual Appearance at Trial (Doc. 170). Specifically, Plaintiff requests that he be allowed to wear civilian clothes and not be shackled at trial in front of the jury. Plaintiff also asks that the Court instruct any security guards accompanying Plaintiff to wear civilian clothes and not surround Plaintiff during trial. Defendants have filed a Response (Doc. 177) requesting that Plaintiff be allowed to wear "dress outs" clothing provided by the correctional

center, but arguing in opposition to Plaintiff's requests regarding shackles and the appearance of security guards. Based on the following, the Court **GRANTS IN PART AND DENIES IN PART** Plaintiff's motion regarding his visual appearance (Doc. 170).

As to Plaintiff's request to wear civilian clothing at trial, the Court finds no issues with this request, nor have Defendants pointed to any security or other issues that might arise from allowing Plaintiff to wear civilian clothes at trial. Although Defendants have argued that the correctional center will provide Plaintiff with "dress out" clothing, they have not pointed to any security or other problem with allowing Plaintiff to wear his own civilian clothing that he or his attorney provides. Thus, the Court **GRANTS IN PART** Plaintiff's motion regarding his visual appearance as to his request for civilian clothing (Doc. 170). If Plaintiff or his attorney wants to provide Plaintiff with his own civilian clothing, Plaintiff may wear civilian clothing at trial.

As to the request to appear without shackles and other restraints in view of the jury, the Court agrees with the arguments presented in Defendants' Response. While a prisoner plaintiff is normally allowed to appear without hand restraints, his legs are usually shackled for security measures However, his leg shackles will be blocked from the view of the jury. Further, Plaintiff will be brought into Court and transferred to the witness stand, if applicable, outside of the presence of the jury in order to prevent the jury from seeing any shackles. This standard procedure should address any concerns Plaintiff has with the jury potentially seeing his shackles or other restraints. Thus, the Court **DENIES** Plaintiff's request to appear without shackles or other restraints. However, the above stated procedures will be implemented by this Court in order to prevent the jury from seeing Plaintiff in any type of restraints.

As to the request that the U.S. Marshal or other security official accompany Williams in civilian clothing and not surround Williams, the Court notes that Plaintiff is not in the custody of the

U.S. Marshal, but rather is in the custody of the Illinois Department of Corrections. The Court will not seek to instruct the Illinois Department of Corrections on how to do their job of transporting a prisoner in their custody, nor can this Court instruct IDOC on its chose of clothing for its officers. As Defendants point out, IDOC personnel wear uniforms as a standard security measure, one which this Court will not intrude upon. Further, the Court will not interfere with any standard security measures regarding the location of officers in the courtroom. Accordingly, the Court **DENIES** Plaintiff's motion to the extent he seeks to require IDOC security personnel accompanying Plaintiff to wear certain clothing or stand in certain positions in the courtroom.

Accordingly, the Court **GRANTS IN PART AND DENIES IN PART** Plaintiff's motion *in limine* regarding appearance at trial (Doc. 170).

**B.      Motion *in Limine* Regarding Evidence of Convictions**

Also before the Court is Plaintiff's Motion *in Limine* regarding evidence of his convictions, sentence, and disciplinary record as well as his request to bar evidence of witness Larry Alverson, Jr.'s arrest record, convictions, and criminal sentences. Specifically, Plaintiff seeks to exclude evidence of his own conviction and current incarceration as he argues that they are not relevant and highly prejudicial. Further he seeks to bar evidence regarding Alverson's convictions and sentence. Plaintiff also seeks to bar evidence of his disciplinary record while incarcerated in IDOC as he argues that this evidence is irrelevant to his claims and unduly prejudicial. Defendants have filed a response to Plaintiff's motion arguing that Plaintiff's convictions are relevant and not highly prejudicial, but that they do not intend to introduce Plaintiff's disciplinary record within IDOC. Defendants also state that they do not intend to inquire into Alverson's convictions other than those convictions that are part of his current incarceration. The Court **GRANTS IN PART AND DENIES IN PART** Plaintiff's motion (Doc. 171).

1.      **Plaintiff's Convictions and Sentence**

Plaintiff first seeks to exclude any evidence of his arrest record, convictions, or criminal sentence. Plaintiff is currently incarcerated for convictions on counts of murder, aggravated battery, armed violence, and unlawful use of a firearm by a felon. Plaintiff argues that the convictions should be excluded from evidence as they are highly prejudicial. Defendants argue that they should be admitted under Rule 609 as Plaintiff is currently incarcerated on these counts and that they are highly probative as Plaintiff's credibility is at issue in this case given that he claims Defendants beat him in retaliation for exercising his First Amendment Rights. Defendants further argue that his convictions are probative of his excessive force claim as the jury should be able to evaluate the force used on a convicted felon in a maximum security prison.

FEDERAL RULE OF EVIDENCE 609 "evidence that a witness other than an accused has been convicted of a crime shall be admitted, subject to Rule 403['s rule excluding relevant evidence that is unduly prejudicial], if the crime was punishable by death or imprisonment in excess of one year." FED.R.EVID. 609(a)(1). The ten year period in Rule 609 is calculated from the later of the date of conviction or release. FED.R.EVID. 609(b). However, the admissibility of evidence is subject to Rule 403 which provides that "relevant evidence may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice." Fed.R.Evid. 403.

Here, while evidence of Plaintiff's convictions for which he is currently incarcerated are admissible under Rule 609, the Court finds preliminarily that the evidence of the convictions are highly prejudicial. Plaintiff is currently incarcerated for substantial crimes of violence, including murder, armed violence, and aggravated battery, the evidence of which might prejudice Plaintiff. However, the Court also finds that, as Defendants have argued, the convictions have some probative value. Thus, the Court *preliminary* **GRANTS IN PART** Plaintiff's motion as to his own prior convictions and **ORDERS** that

while Defendants may elicit the number of convictions, and the fact that they are felonies, for which Plaintiff is currently incarcerated, Defendants shall not elicit testimony regarding the nature of the convictions as such testimony would be highly prejudicial and outweighs the probative value of the evidence.  However, this finding is preliminary and thus Defendants may re-raise the issue at trial if they believe the facts and circumstances at trial warrant admissibility of the evidence.

2.      **Witness Alverson's Convictions**

As to Alverson's Arrest Record, Convictions, and Criminal Sentences, Plaintiff argues that these should be excluded as well, as many of his convictions date back more than ten (10) years and are irrelevant.  Defendants respond that while the felonies for which Alverson is currently incarcerated for are within the scope of **FEDERAL RULE OF EVIDENCE 609**, Defendants do not plan to inquire into the details of those convictions nor do they plan to elicit evidence of convictions other than those for which Alverson is currently incarcerated.

Under **FEDERAL RULE OF EVIDENCE 609** "evidence that a witness other than an accused has been convicted of a crime shall be admitted, subject to Rule 403['s rule excluding relevant evidence that is unduly prejudicial], if the crime was punishable by death or imprisonment in excess of one year." **FED.R.EVID. 609(a)(1)**.  The ten year period in Rule 609 is calculated from the later of the date of conviction or release.  **FED.R.EVID. 609(b)**.  However, the Seventh Circuit has limited the inquiry into witnesses' criminal convictions on cross-examination to "the crime charged, the date, and the disposition." *Hernandez v. Cepeda*, **860 F.2d 260, 264 (7th Cir. 1988)**.  Thus, a cross-examiner is not allowed to "'harp on the witness's crime, parade it lovingly before the jury in all its gruesome detail, and thereby shift the focus of attention from the events at issue in the present case to the witness's conviction in a previous case.'" *Id*. **(citing** *Campbell v. Greer*, **831 F.2d 700, 707 (7th Cir. 1987))**.

Here, Alverson's convictions for the crimes for which he is currently incarcerated fall within the bounds of Rule 609 and are thus admissible for impeachment purposes. Defendants concede that they will not delve beyond Alverson's current convictions or discuss the details of his conviction other than the crimes charged, date, and disposition. Further, Plaintiff has failed to offer any evidence that introduction of this evidence would be unduly prejudicial. Thus, evidence of Alverson's current convictions for which he is presently incarcerated are admissible. The Court, therefore, **DENIES** Plaintiff's motion as to Alverson's convictions.

3. **Plaintiff's Disciplinary Record**

Plaintiff also requests that his disciplinary record while incarcerated within IDOC be excluded from evidence as they are unrelated to the case and not probative of Plaintiff's claims against Defendants. Defendants have filed a Response, conceding this part of Plaintiff's motion as they state that they do not intend to introduce evidence regarding Plaintiff's prior disciplinary record in IDOC. Thus, the Court **GRANTS** Plaintiff's motion to the extent it seeks to exclude evidence of Plaintiff's disciplinary record at IDOC.

Accordingly, the Court **GRANTS IN PART AND DENIES IN PART** Plaintiff's motion *in limine* regarding convictions and disciplinary reports (Doc. 171).

**IT IS SO ORDERED**.

DATED: March 9, 2011


/s/ *Stephen C. Williams*
STEPHEN C. WILLIAMS
United States Magistrate Judge