IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| CLAXTON H. WILLIAMS, JR., ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case No. 06–cv–772–SCW |
| ) | |
| ROD R. BLAGOJEVICH, et al., ) | |
| ) | |
| Defendants. ) | |

# MEMORANDUM AND ORDER

**WILLIAMS, Magistrate Judge:**

Before the Court is Defendants' second motion *in limine*, Defendants seek to bar evidence regarding prison and department regulations (Doc. 173). Specifically, Defendants argue that such reference to the regulations and alleged violation of the regulations are not relevant to Plaintiff's constitutional claims and would confuse the jury. Defendants cite to ***Thompson v. City of Chicago*, 472 F.3d 444 (7th Cir. 2006**) to support their proposition, which held that the violation of departmental regulations was not relevant in a **42 U.S.C. § 1983** action for constitutional violations. In order to succeed on an excessive force claim under **42 U.S.C. § 1983**, a plaintiff must prove that a defendant's conduct was "objectively unreasonable." ***Thompson*, 472 F.3d at 454 (citing DeLuna v. City of Rockford, Ill, 447 F.3d 1008, 1010 (7th Cir. 2006) (citing *Graham v. Connor*, 490 U.S. 386, 396-97, 109 S.Ct. 1865, 104 L.Ed.2d 443 (1989))**. Both the Supreme Court and the Seventh Circuit has noted that the analysis is not "capable of precise definition or mechanical application" but instead "requires careful attention to the facts and circumstances of each particular case." ***Abdullahi v. City of Madison*, 423 F.3d 763, 768 (7th Cir. 2005) (citing *Tennessee v. Garner*, 471 U.S. 1, 8-9,105 S.Ct. 1694, 85 L.Ed. 2d 1 (1985))**. As to the relevance of prison and department regulations to the analysis,

in ***Thompson***, the Seventh Circuit determined that the introduction of the Chicago Police Department's General Orders regarding conformance with the Chicago Police Department's General Orders was not relevant to the issue of whether the plaintiff's Fourth Amendment rights had been violated as the Orders "[shed] no light on what may or may not be considered 'objectively reasonable' under the Fourth Amendment" and **42 U.S.C. § 1983** protected prisoners from constitutional violations not violations of regulations. ***Thompson,* 472 F.3d at 453.** Similarly, in this case, the Illinois Department of Corrections Administrative Code and Menard Correctional Center Institutional Directives, and Defendants' conformance to those regulations are irrelevant in determining whether Defendants' actions were objectively reasonable under the Fourth Amendment. Thus, under ***Thompson***, any discussion of department regulations are irrelevant to Plaintiff's excessive force claim.

Plaintiff does not argue that regulations regarding use of force are relevant to his Constitutional claim. Instead, he argues that such evidence regarding department regulations are relevant to the issue of punitive damages. Plaintiff argues that in ***Thompson***, the Seventh Circuit did not deal with the admissibility of such evidence on a claim of punitive damages. **See *Via v. Lagrand*, No. 03-C-3278, 2007 Wl 495287, at \*6 (N.D. Ill. Feb. 12, 2007).** He cites to several Orders from the Northern District of Illinois. However, the Court notes that such decisions are not binding on this Court.

Further, in order to warrant punitive damages under §1983, a plaintiff must prove that defendants had an "'evil motive or intent, or...reckless or callous indifference to the federally protected rights of others.'" **See *Kyle v. Patterson*, 196 F.3d 695, 697-98 (7th Cir. 1999) (quoting *Smith v. Wade*, 461 U.S. 30, 56, 103 S.Ct. 1625, 75 L.Ed. 2d 632 (1983))**. Put another way, punitive damages are also available with "a showing of aggravating circumstances, malicious intent, or conduct involving reckless or callous indifference to a plaintiff's rights." ***Id.* (citing *Sahagian v. Dickey*, 827 F.2d 90,**

**100 (7th Cir. 1987))**. As Defendants point out, in order to obtain punitive damages, a finding of liability does not automatically justify punitive damages. Just as the Seventh Circuit has determined that department regulations have no relevance in determining whether Defendant has violated Plaintiff's federal rights, the Court finds that the same regulations would have no bearing on whether Defendants acted with malicious intent or reckless indifference to Plaintiff's federal rights as the regulations are not federal law and punitive damages are allowed for Defendants' indifference to Plaintiff's federal rights, not indifference to department regulations..

Therefore, the Court **GRANTS** Defendants' motion *in limine* (Doc. 173) as to the admissibility of department regulations regarding excessive force. However, the Court notes that while its Order excludes evidence relating to the Department and Menard's regulations, the Court does acknowledge that evidence produced at trial could make the regulations relevant to the issues at trial, under certain circumstances. If such a situation should arise at trial, Plaintiff may re-raise the issue as to the admissibility of Department regulations.

Plaintiff also argues that he might seek to introduce regulations at trial in order to properly explain the grievance procedure at Menard. Such regulations relating to the grievance process could be relevant for Plaintiff's intended use and Defendants acknowledge that such evidence is admissible and does not seek to exclude evidence of regulations regarding the grievance process. Defendants only object to the use of regulations regarding excessive force and their use to establish liability on Plaintiff's excessive force claim. Thus, the Court finds that regulations related to the grievance process are relevant for explaining the grievance procedure to the jury, if necessary, and thus those regulations will not be barred from evidence.

**IT IS SO ORDERED**.
DATED: March 14, 2011

/s/ *Stephen C. Williams*
STEPHEN C. WILLIAMS
United States Magistrate Judge