IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| CLAXTON H. WILLIAMS, JR., #N62439, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Case No. 06–cv–772–SCW |
| | ) |
| KEVIN MURRAY, RONALD ROBINSON, | ) |
| JERRY WITTHOFT, and JOHN CARTER, | ) |
| | ) |
| Defendants. | |

# MEMORANDUM AND ORDER

**WILLIAMS, Magistrate Judge:**

### I. Introduction

On March 16, 2011, a jury returned a verdict in favor of Defendants Kevin Murray, Ronald Robinson, Jerry Witthoft, and John Carter, finding Defendants not liable on all counts of Plaintiff Williams' 42 U.S.C. § 1983 claims (Docs. 192, 194, 196, 198). The Court entered judgment in accordance with the verdict on March 18, 2011 (Doc. 201). On April 11, 2011, Plaintiff Williams sought an extension of time to file a motion for new trial under Federal Rule of Civil Procedure 59 (Doc. 209). The Court denied that motion, finding that it was outside this Court's power to grant such an extension of time (Doc. 211). The Court noted that Plaintiff Williams' deadline for filing a timely motion was April 15, 2011. On April 25, 2011, Plaintiff Williams again sought an extension of time in which to file his motion for new trial (Doc. 213) which this Court again denied as it is unable to extend the deadline under Rule 6(b) (Doc. 214).

Subsequently, on May 3, 2011, Plaintiff filed his Motion for New Trial pursuant to Fed.R.Civ.P.59 and Motion for Relief from Judgment pursuant to Fed.R.Civ.P. 60(b) and Motion for Judgment as a Matter of Law pursuant to Fed.R.Civ.P. 50 (Doc. 215). Although the motion was not

filed until more than 15 days after the deadline for filing a motion for new trial under Rule 59, Plaintiff's Certificate of Service stated that he had placed the motion in the mail on April 15, 2011. Defendants have since filed a Response to Plaintiff's motion arguing that the motion is untimely and that the proof of service was falsified (Doc. 223).

The Court originally held an evidentiary hearing on August 4, 2011 in order to determine the timeliness of Plaintiff's motion as well as the legitimacy and authenticity of Plaintiff's certificate of service. At the time, Plaintiff appeared to be having a hard time understanding the Court's questions and informed the Court that he had suffered from a stroke and needed an attorney because he could not write. The Court postponed the hearing until it could obtain Plaintiff's medical records to determine if Plaintiff had indeed suffered a stroke and was incapable of defending his motion in an oral hearing.

After obtaining the medical charts, the Court determined that Plaintiff had presented symptoms of a possible stroke or mini stroke in early August possibly brought on by a hunger strike and issues with his medication, but since that time, the medical charts revealed that Plaintiff appeared to have recovered and was cooperating with the medical staff, taking his medicine, and eating. The Court scheduled a second hearing on September 23, 2011. Plaintiff again appeared by videoconferencing. At the hearing, the Court denied Plaintiff's oral motion to appoint counsel. Although Plaintiff stated that he is not in the same physical condition that he once was and believes that he can not adequately represent himself on the issues before the Court, the Court noted that the issue involved in the hearing was a straightforward factual discussion on the timeliness of his motion which Plaintiff was adequately able to defend his position on and was one in which an attorney would not have been of any added benefit. Further, while the Court acknowledged that Plaintiff appeared to have a malady at the last hearing, it was apparent by his demeanor and ability to address the issues at this hearing that he was in

a good physical and mental state. The Court ultimately denied Plaintiff's motion to appoint attorney and proceeded to the main subject of the hearing, the timeliness of Plaintiff's motion.

As to the timeliness of his motion, Plaintiff admits that the time span in which he filed his motions for extension of time and motion for new trial were hazy as he was having issues with his medication during that time period. However, he maintains that he would not have filed a second motion for extension of time if he had received the Court's Order (Doc. 211) denying his first motion for extension of time but that he never received that Order. After being sworn in for testimony on the issue, Plaintiff noted that he has been having trouble receiving his mail in recent months and that he never received the Court's Order denying him an extension of time in which to file his motion for new trial. Plaintiff was also steadfast in his position that he has never altered the dates on a certificate of service and though he does not recall what day he handed his motion for new trial over to the guards for filing, he believes that the date of April 15, 2011 was correct as he never backdated a motion. Plaintiff maintained that the motion was timely filed on April 15, 2011 no matter what day it was actually received by the Court.

In Response, Defendants' counsel argued that while there was no evidence that Plaintiff did not submit his motion on April 15, 2011, as IDOC does not document out-going mail, the docket itself evidenced the untimeliness of the motion. Defendants point to the fact that Plaintiff filed two motions for extension of time before filing his actual motion for new trial and the second motion for extension of time was filed after the April 15, 2011 deadline, making it highly unlikely that he then filed his motion for new trial on April 15, 2011 before filing a motion for extension of time.

After hearing both sides, the Court took the matters under advisement.

II.  **Discussion**

A.      **Timeliness of Filings**

Defendants first argue that Plaintiff's motion for new trial is untimely as it was filed outside of the 28-day window for filing such a motion under **FEDERAL RULE OF CIVIL PROCEDURE 59(b)** and the time to file can not be extended pursuant to Rule 6(b).  Plaintiff filed his first motion for extension of time on April 11, 2011 (Doc. 209) which this Court denied (Doc. 211).  Plaintiff again sought an extension of time on April 25, 2011 (Doc. 213) which this Court again denied (Doc. 214) referring to its previous denial for its reasoning.  Plaintiff submitted his motion for new trial on May 3, 2011 (Doc. 215).  Attached to his motion, Plaintiff's certificate of service stated that he had filed the motion on April 15, 2011, the last date for a timely motion for new trial to be filed within the 28-day window.  Defendants argue that Plaintiff's certificate of service has been falsified as his second motion for extension of time was filed after the deadlines set forth in Rule 59(b).

Defendants are correct that Rule 59(b) has a set deadline which cannot be extended.  A motion for new trial under **FEDERAL RULE OF CIVIL PROCEDURE 59** "must be filed no later than 28 days after the entry of judgment."  **FED.R.CIV.P. 59(b)**.  The deadline for filing said motion cannot be extended.  *See* **FED.R.CIV.P. 6(b)(2);** *see also* **Robsinson v. City of** *Harvy*, **489 H.3d 864, 870-71 (7th Cir. 2007) ("Rule 59 motions must be made within [28] days of the entry of judgement - a time limit that cannot be extended." (citations omitted) (citing FED.R.CIV.P. 6(b)));** *Bailey v. Sharp*, **782 F.2d 1366, 1367 (7th Cir. 1986) (per curiam) ("[A] court ' may not extend the time for taking an action under' Rule 59(b)" (quoting FED.R.CIV.P. 6(b))**.

After holding an evidentiary hearing to determine the timeliness of Plaintiff's motion and the authenticity of his certificate of service, the Court finds that Plaintiff's motion under Rule 59 is timely.  As judgment was entered in this case on March 17, 2011, Plaintiff had 28 days from the date

of judgment, up to and including April 15, 2011, in which to file his motion for new trial. While Plaintiff sought two extensions of time, one of which was filed with the Court after the April 15, 2011 deadline had expired, Plaintiff maintains that his motion for new trial was filed on April 15, 2011. While he says he can not account for that time nor can he account for what the officers did with his motion once he handed it off to be filed, he stated in his sworn testimony that he did not falsify the certificate of service and since it is dated April 15, 2011 that is the date in which it was filed. While the Court does find it suspicious that it received a motion for extension of time after the April 15, 2011 deadline and then did not receive Plaintiff's motion for new trial until May 3, 2011, there is no evidence to suggest that Plaintiff falsified the certificate or is being untruthful as to when he delivered his motion to the guards to submit. In fact, Defendants offered no evidence, other than the docketed dates, to suggest that Plaintiff is being untruthful. Defendants counsel readily admitted that IDOC has no record of Plaintiff's filings or out-going mail and thus there is no evidence to suggest that Plaintiff is lying. Given the lack of evidence on the issue, the Court will consider Plaintiff's motion for new trial (Doc. 215) as timely filed.

B.  **Motion for New Trial**

Even considering Plaintiff's motion as timely, he still is not entitled to a new trial. Plaintiff's motion primarily seeks a new trial pursuant to Rule 59. Pursuant to Rule 59 of the Federal Rules of Civil Procedure, "[t]he court may, on motion, grant a new trial on all or some of the issues and to any party after a jury trial, for any reason for which a new trial has heretofore been granted in an action at law in federal court[.]" **FED.R.CIV.P. 59(a)(1)(A).** *See also ADM Marking, Inc. v. Zanasi Fratelli, S.R.L.*, **353 F.3d 541, 543 (7th Cir. 2003)**. A court may grant a new trial if "the verdict is against the manifest weight of the evidence, the damages are excessive or the trial was unfair to the moving party." *Miksis v. Howard*, **106 F.3d 754, 757 (7th Cir. 1997)**. "In reviewing a motion for

a new trial, we view the evidence in the light most favorable to the prevailing party. We will not set aside the jury's verdict if there is a reasonable basis in the record which supports that verdict." *Allison v. Ticor Title Ins. Co.*, **979 F.2d 1187, 1196 (7th Cir. 1992).**

Plaintiff's main basis for a new trial is based on his attorney's performance during the trial. Plaintiff argues that his appointed attorney was inexperienced and that as a result she failed to, among other things, introduce evidence regarding an inmates death in 2010, failed to discuss the suicide of Lance Essary, failed to object to Dr. Ahmed's testimony being presented by deposition, or show x-rays of his injuries. There is no constitutional right to counsel in a civil case. *Lassiter v. Dept. of Social Services of Durham County, North Carolina*, **452 U.S. 18, 101 S.Ct. 2153, 68 L.Ed.1d 640 (1981);** *Jackson v. Kotter*, **541 F.3d 688, 700 (7th Cir. 2008).** "Lawyers' errors in civil proceedings are imputed to their clients." *Ajose v. Gonzales*, **408 F.3d 393, 395 (7th Cir. 2005)**. If counsel's conduct falls substantially below what is reasonable, the remedy is a civil action for malpractice. *Link v. Wabah Railroa Co.*, **370 U.S. 626, 634 n. 10, 82 S.Ct. 1386, 8 L.Ed.2d 734 (1962);** *Pokuta v. Trans World Airlines, Inc.*, **191 F.3d 834, 840 (7th Cir. 1999).** In *Stanciel v. Gramley*, **267 F.3d 575, 581 (7th Cir. 2001)**, the Court of Appeals for the Seventh Circuit applied these same principles to a prisoner civil rights action where counsel has been appointed by the Court, and squarely rejected the argument that appointed counsel's performance was so inadequate that plaintiff was deprived of a fair opportunity to present his case. Therefore, none of the issues raised by Plaintiff regarding his attorney are grounds for a new trial.

To the extent that Plaintiff argues that such actions by his attorney demonstrate that a prejudicial error occurred requiring a new trial, the Court finds that Plaintiff also fails on this argument. The standard for setting aside a verdict based on errors by an attorney are high and the Federal Rules state that "[u]nless justice requires otherwise, no error in admitting or excluding evidence - or any other

error by the court or a party- is ground for granting a new trial." **FED.R.CIV.P. 61.** While Plaintiff seems to argue that the failure to admit evidence regarding the death of another inmate and the suicide of a former defendant in this case caused him prejudice, such evidence, even if offered, would not have been admitted because it is irrelevant to the facts in this case.[1]  Plaintiff has not shown how the death of either individual is relevant or admissible in this case.  Further, as to Dr. Ahmed's testimony being presented by deposition, that testimony was properly admitted pursuant to **FEDERAL RULE OF CIVIL PROCEDURE 32(a)(4)** as Dr. Admed had moved out of the state and was not available to testify at the trial.  Clearly, Plaintiff has not met of his burden of showing that justice requires that these omissions and admissions in the evidence are cause for a new trial.

Plaintiff also seems to be arguing that he is entitled to a new trial because the verdict was against the manifest weight of the evidence.  Although Plaintiff never specifically argues this point, his motion is a recap of the evidence and his belief on what the jury should have concluded based on the evidence available.  However, there is ample evidence in the record to support the jury's findings. While Plaintiff claimed that he was beaten severely by the Defendant guards, Defendants offered substantial medical evidence showing otherwise.  Both Dr. Ahmed and Nurse Kiner testified that their records reflected that after the alleged incident at issue in this case, they both saw Plaintiff and that he never complained of any other injuries other than chest pain.  Both testified that Plaintiff did not complain of any other bruising nor was any sign of bruising and cuts reflected in the records which would have been noted if any was present.  Nurse Kiner specifically noted that Plaintiff was neither unconscious nor bleeding.  Sgt Carter testified that a wheelchair was indeed called for, which Nurse Kiner confirmed,

---

[1] The Court also notes that the evidence Plaintiff said should have been offered was available to him at the time of trial, but he or his attorney chose not to offer the evidence, for whatever reason.  Plaintiff can not now argue that he deserves a new trial because of the evidence as a motion for new trial is not the proper device to introduce evidence that was available at the time of trial but was not offered into evidence.

but was due to Plaintiff's chest pains. Further, Defendants testimony of the events of August 6, 2004 was consistent and plausible. Defendants Robinson testified that Plaintiff jerked his hands while being uncuffed upon his return from the showers, causing the key in the cuff to snap and that Plaintiff was combative and placed in a strip cell. All Defendants denied beating Plaintiff. Further, Robinson's incident report and discipline report reflected that Plaintiff was the one who was combative during the alleged incident. All Defendants testified as to the cuffing policy and Menard's policy not to honor a cuffing permit from another institution. Defendant Murray testified that he was not angry at Plaintiff for refusing to cuff up in the required way and in fact tried to help Plaintiff seek a proper permit by advising him to seek a permit from Menard's medical staff and by checking on his permit status with the medical unit. He also denied threatening Plaintiff. Defendants presented significant and consistent evidence that Plaintiff was neither attacked by Defendants or injured in any way; in fact, there was no medical evidence of any of the injuries claimed by Plaintiff. Therefore, the Court finds that there was substantial evidence from which the jury could have reached the decision they ultimately came to at trial. Accordingly, Plaintiff is not entitled to a new trial under Rule 59 and thus his motion under that Rule is **DENIED**.

**C.     Rule 60(b) Motion**

Construing the motion as one filed pursuant to Federal Rule of Civil Procedure 60(b), Rule 60(b) provides relief from judgment for "mistake, inadvertence, surprise, or excusable neglect." **FED.R.CIV.P.60(b)(1)**. However, the reasons for setting aside a judgment offered by the movant must be something more than those grounds which the movant could have sought to obtain reversal on direct appeal. *See Bell v. Eastman Kodak Co.*, **214 F.3d 798, 801 (7th Cir. 2000);** *Parke-Chapley Constr. Co. v. Cherrington*, **865 F.2d 907, 915 (7th Cir. 1989) ("an appeal or motion for new trial, rather than a FRCP 60(b) motion, is the proper avenue to redress mistakes of law committed by the**

trial judge, as distinguished from clerical mistakes caused by inadvertence"); *Swam v. United States*, 327 F.2d 431, 433 (7th Cir.), cert. denied, 379 U.S. 852, 85 S.Ct. 98, 12, L.Ed.2d 55 (1964) (a belief that the Court was mistaken as a matter of law in dismissing the original petition does "not constitute the kind of mistake or inadvertence that comes within the ambit of rule 60(b)."). The Seventh Circuit emphasized that Rule 60(b) relief is reserved for exceptional circumstances. *Mares v. Busby*, 34 F.3d 533, 535 (7th Cir. 1994). "Rather, it exists to allow courts to overturn decisions where 'special circumstances' justify an 'extraordinary remedy.'" *Cash v. Illinois Div. of Mental Health*, 209 F.3d 695, 697 (7th Cir. 2000) (quoting *Russell v. Delco Remy Div. of General Motors Corp.*, 51 F.3d 746, 749 (7th Cir. 1995)).

Here, Plaintiff only mentions Rule 60(b) in the title of his motion and fails to discuss how he is entitled to relief under Rule 60(b) anywhere in his motion. Assuming he intended to raise the same arguments under Rule 60(b) that he raised in his motion for new trial under Rule 59, the Court finds that these issues all surround trial errors that could have been brought up on appeal. Further, none of the issues raised amount to a "special" circumstance that would warrant an "extraordinary remedy." Accordingly, to the extent that Plaintiff raises an issue under Rule 60(b) the Court **DENIES** Plaintiff's motion.

D.   Rule 50(b) Motion

Plaintiff's motion for new trial is also titled as a motion for judgment as a matter of law pursuant to **FEDERAL RULE OF CIVIL PROCEDURE 50**. However, Rule 50 is only ever mentioned in the title of his motion and Plaintiff never argues that he should be granted judgment as a matter of law and he fails to set out the grounds for such relief. Under Rule 50(b), no later than 28 days after the entry of judgment "the movant may file a renewed motion for judgment as a matter of law and may include an alternative or joint request for relief for a new trial under Rule 59." However, a Rule 50

motion is applicable during trial and then may be renewed under Rule 50(b) after trial. A Rule 50(b) motion is limited to the grounds raised in a prior Rule 50(a) motion. **FED.R.CIV.P.50, advisory committee notes, 2006 Amendment ("Because the Rule 50(b) motion is only a renewal of the preverdict motion, it can be granted only on grounds advanced in the preverdict motion.").** Here, Rule 50(b) is not the appropriate mechanism for seeking a new trial because he failed to seek such relief under Rule 50(a) prior to jury deliberation. *See Wallace v. McGlothan*, **606 F.3d 410, 419 (7th Cir. 2010)**. Plaintiff failed to raise any of these issues in a Rule 50(a) motion which is required in order to raise the issue under Rule 50(b). *Id*. Accordingly, the Court **DENIES** Plaintiff's motion pursuant to Rule 50(b).

### III.   Conclusion

Accordingly, the Court **DENIES** Plaintiff's Motion for new Trial Pursuant to F.R.C.P. 59 and Motion for Relief from Judgment Pursuant to F.R.C.P. 609b) and Motion for Judgment as a Matter of Law Pursuant to F.R.C.P. 50.

**IT IS SO ORDERED**.

DATED: October 31, 2011.

*/s/ Stephen C. Williams*
STEPHEN C. WILLIAMS
United States Magistrate Judge